BPS-21<br>NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 05-2859
_____

DOUGLAS NYHUIS,
                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(WD/PA. Civil No. 00-cv-00232-E)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 20, 2005

Before:   RENDELL, AMBRO and BECKER, Circuit Judges

(Filed November 4, 2005 )
_____

OPINION OF THE COURT
_____

PER CURIAM

Douglas Nyhuis, a federal prisoner proceeding pro se, appeals an order of the

United States District Court for the Western District of Pennsylvania granting summary

judgment for the United States in his action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, and an order denying his motion for reconsideration. Because this appeal does not raise a substantial question, we will grant the Government's motion to summarily affirm the District Court's orders.

In 2000, Nyhuis filed a complaint alleging that the Federal Bureau of Prisons departed from the applicable standard of care in treating a bone growth on his foot, known as Haglund's deformity, and his torn achilles tendon. After the filing of various motions, Nyhuis filed a Third Amended Complaint, and discovery closed in December 2003. In March 2004, the United States moved for summary judgment, arguing that Nyhuis failed to provide an expert report supporting his claims. In July 2004, the District Court appointed counsel to represent Nyhuis, and dismissed the summary judgment motion without prejudice in order to give counsel an opportunity to obtain an expert.

In a subsequent status conference, Nyhuis' counsel reported to the District Court that he provided Nyhuis' records to a medical expert consulting service, and the physicians found no deviation from the accepted standard of care. Counsel provided written confirmation of the expert opinion, and the District Court granted counsel's motion to withdraw. In September 2004, the District Court denied Nyhuis' motion for appointment of another attorney, but granted him sixty days to file an expert report on his own, noting that if a report was not filed, his case would be dismissed.

In November 2004, the Government renewed its motion for summary judgment,

and Nyhuis moved for an extension of time to file an expert report. Noting that eight months had passed since the Government filed its initial summary judgment motion, the District Court granted the Government's motion and dismissed Nyhuis' case. The District Court denied Nyhuis' motion for reconsideration, and Nyhuis appealed.

The Government moves for a summary affirmance of the District Court's orders, arguing that by failing to provide an expert report, Nyhuis failed to present a genuine issue of material fact. The United States is liable to the same extent a private individual would be liable under like circumstances under state law. United States v. Muniz, 374 U.S. 150, 162 (1963). Under Pennsylvania law, except when the matter is so simple or the lack of care is so obvious as to be within the range of experience of lay persons, a plaintiff must provide a medical expert who will testify to the elements of a medical malpractice claim, including the duty the physician owed the patient, the breach of that duty, and causation. Hightower-Warren v. Silk, 698 A.2d 52, 54 (Pa. 1997).

The District Court gave Nyhuis an ample opportunity, with the assistance of counsel, to obtain an expert report. Absent such a report, the District Court properly granted the Government's summary judgment motion. The District Court also did not abuse its discretion in denying Nyhuis' motion for reconsideration.[1]

---

[1] Although not addressed by the District Court, the Government conceded that an expert report is not required in connection with Nyhuis' additional claim that the Bureau of Prisons disregarded his pain and suffering by placing steel shackles around his injured tendon when transporting him. The Government, however, correctly argued that Nyhuis did not exhaust his administrative remedies with respect to this claim. The record reflects

Nyhuis argues that his case raises several substantial questions that warrant briefing. He contends that the District Court erred in denying his motion for an extension of time to provide an expert report. The record reflects that, at the final hearing, Nyhuis stated he had found a doctor who was willing to review his medical records, but was unable to do so at that time due to his schedule. Because Nyhuis did not indicate that an expert report supporting his claims was forthcoming, the District Court did not abuse its discretion in denying Nyhuis' motion.

Nyhuis also maintains, as he did in District Court, that an expert report is unnecessary because the doctrine of res ipsa loquitur, which allows a jury to infer that harm is caused by the negligence of a defendant where certain requirements are met, applies to his case. We agree with the District Court that Nyhuis may not proceed under this theory.[2] Finally, Nyhuis challenges the District Court's dismissal of two doctors based upon a finding that they were independent contractors, as opposed to employees of the Bureau of Prisons. Even if the doctors were employees, absent an expert report, Nyhuis cannot maintain his claims against them.

Accordingly, we will grant the Government's motion to summarily affirm the

---

that Nyhuis' administrative complaint does not discuss the placement of shackles on his injured foot.

[2] In Hightower-Warren, the Pennsylvania Supreme Court held that a plaintiff, who had obtained expert testimony that the injury he suffered does not occur absent negligence by a physician, had satisfied the elements of res ipsa loquitur, and established a prima facie case of medical malpractice. Id. at 465-67. There is no such evidence here.

4

District Court's orders.